IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANAEL JAMES CARTER, JR., | No. 2:22-cv-0291-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| D. MURPHY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner currently housed at the California State Prison – Sacramento (CSP), located in Represa, California. See ECF. No. 1.  Plaintiff brings suit against the following defendants: (1) Daniel J. Murphy, Correctional Officer; (2) CSP; and (3) the California Department of Corrections and Rehabilitations (CDCR). Id.  Plaintiff alleges the violation of his Fourteenth and Eighth Amendment Rights against the named defendants because he was inadvertently shot during a fight between two inmates, when he was only a bystander. Id.

Plaintiff alleges that on October 16, 2020, at approximately 9:45 a.m., inmates Looney and Redman broke into a fight outside in the yard. Id. at 10.  In an attempt to end the fight, Defendant Murphy utilized his state-issued 40-mm launcher and fired a total of two rounds. Id. at 9.  When the first shot was fired, Officer Cary directed the two inmates to get on the ground, but they ignored him. Id. at 7.  The second shot fired finally got the inmates to get down on the ground and successfully ended the fight. Id.  However, Plaintiff was located in close proximity to the fight and was inadvertently shot on the head. Id. at 10.  The facts alleged are unclear if Plaintiff was shot on the first or second shot.  Plaintiff states that he was an innocent bystander during the altercation between inmates Looney and Redman. Id. at 3.  He even obeyed commands when he was told to get on the ground. Id.  The facts alleged do not indicate if Plaintiff was on the ground when he was struck by the first or second shot.

According to Plaintiff, Officer Sampley Jr. was informed that Plaintiff was inadvertently shot. Id. at 10.  He instructed Officer Hart to place Plaintiff in handcuffs, and then escort Plaintiff for a medical assessment. Id.  After a preliminary medical assessment, Officer Hart escorted Plaintiff to the Central Health Building for further medical evaluation. Id.  The

2

medical report stated that Plaintiff's injury caused an "egg-shaped bump" located on his left forehead. Id. at 11.  Furthermore, the report stated in Plaintiff's words, "The officer shot me point blank."  Id.  According to Officer Sampley, Jr.'s report, Officer Hart returned Plaintiff to his cell once he was medically cleared. Id. at 10.  Lastly, Officer Haynie stated that the incident was reported to the Deadly Force Investigations Team and the Office of the Inspector General promptly the same day. Id. at 9.

Plaintiff states that he has suffered a concussion along with migraines, headaches, black outs, dizzy spells, forgetfulness, and a permanent "knot" on his head because of Defendant Murphy's actions. Id. at. 3.  Plaintiff has filed a Claimant Appeal Claims, but due to the 60-day expiration time, the decision was deemed as "time expired." Id. at 13.  Plaintiff alleges the violation of his Fourteenth and Eighth Amendment Rights because of Defendant Murphy's use of excessive force. Id. at 3.  Plaintiff is seeking $5,000,000 as relief. Id. a 6.

## II.  DISCUSSION

The Court finds that Plaintiff has not stated a cognizable claim against Defendant Murphy for the use of excessive force during the fight between inmates Looney and Redman. The Court also finds that Plaintiff has not stated a cognizable claim against Defendants CSP and CDCR, who are immune under the Eleventh Amendment.

### A.  Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

///

Here, the CDCR and CSP are state agencies responsible for incarceration and, as such, are immune and must be dismissed.

B.     **Deliberate Indifference**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.

See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials.  See Whitley, 475 U.S. at 321-22.

Here, the facts alleged suggest that Defendant Murphy used force in a good faith effort to stop a fight on the prison yard.  The facts also suggest that any use of force against Plaintiff was unintentional and thus not deliberate.  Plaintiff has not alleged facts, at present, to indicate that Murphy intentionally shot at Plaintiff with the desire to wantonly inflict pain.  Plaintiff will be provided an opportunity to amend.

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: September 20, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6